# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
ADAM DAVID GARZA
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 09-20249

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
    - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is a 29 year old single male, father of one, who is charged by way of indictment with three felony charges: (1) stealing 10 firearms from the business inventory of a licensed firearms dealer (922 (u)), (2) possession of a stolen firearm (922(j)), and (3) felon in possession of a firearm (922 (g)). He is currently on state parole. The allegations giving rise to the instant charges occurred on or about September 22, 2008, eight months before he was placed on state parole. He was incarcerated by the State of Michigan from September 27, 2008 - April 1, 2009. (CONTINUED ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| June 11, 2009 | s/ Mona K.Majzoub |
|---|---|
| Date | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

USA V ADAM DAVID GARZA              09-20249                          PAGE 2

Within the last five years Defendant has been convicted of four felonies. All four convictions involve felony burglary with intent. Two of the four felony burglary convictions also include charges of Felony Fleeing (11/14/04 and 9/29/08).

Defendant has one injunctive order in place which prohibits him from entering any Dunham's Sporting Goods store until 12/1/09.

There are two active outstanding warrants stemming from Defendant's 1999 and 2008 separate failures to appear in 36th District Court for scheduled hearings.

Defendant has six misdemeanor convictions involving furnishing false identification to police, possession of controlled substance, dangerous weapons, traffic offenses, driving while impaired, and several driving with no operator's license.

Defendant admits to a nine year history of using cocaine daily (both powder and base), and alcohol usage since the age of 13, although his substance abuse history was not verified. He has been unemployed for the past eight months.

The instant case charges that Defendant broke into Dunham's Sporting Goods store, broke a glass cabinet containing firearms, and stole 10 firearms, nine of which have not been recovered. Surveillance tapes show Defendant entering the building and blood samples taken from broken glass match Defendant's blood. The instant burglary charges, like those in the past, are charges involving acts of violence (as opposed to mere possession), which make this Defendant a person of danger in the community. He has proven himself to be a risk of flight, and has two felony convictions (2004 and 2008) for fleeing from law enforcement. His history of four previous felony convictions subjects him to the Armed Criminal Carrier Act, again reinforcing that he is to be considered a dangerous person and a threat to the community.

Defendant's demeanor in court was inappropriate. It does not appear that he is capable of respecting or abiding by the orders of the court. His past history of fleeing from law enforcement, the current outstanding warrants, his profound drug addiction to cocaine and cocaine base, his picking up the instant charges while on state parole, and the continuation of the same repeated criminal behaviors resulting in four separate felony convictions in a five year time span do not demonstrate any ability to conduct himself responsibly, even if he were placed into the third party custody of his father (with whom, incidentally, Defendant lived when he was charged with and convicted of fleeing from law enforcement the first time).

The Court respectfully but firmly disagrees with the recommendation of Pretrial Services. Defendant is a proven risk of flight and a danger to the community. There is no condition or combination of conditions that would assure the safety of our community or his appearances in this court. Detention is Ordered.