UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM DAVID GARZA,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.

Criminal Case No. 09-20249
Civil Case No. 13-13933

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

_____/

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [20]**

On February 24, 2010, the Court, applying a sentence enhancement under the Armed Career Criminal Act, sentenced Movant to fifteen years of imprisonment on a conviction for being a felon in possession of a firearm. The Court also sentenced Movant to concurrent, one-day prison terms on convictions for stealing firearms and possessing stolen firearms. On March 26, 2013, Movant filed a Motion to Vacate, Set Aside, or Correct Sentence [20] pursuant to 28 U.S.C. § 2255. On December 6, 2013, the government filed a Response [30]. For the reasons stated below, Movant's Motion to Vacate, Set Aside, or Correct Sentence [20] is **DENIED**.

1

## FACTUAL BACKGROUND

On June 9, 2009, the government charged Movant in a three-count indictment. Count One charged Movant with stealing firearms from the business inventory of a licensed firearms dealer, in violation of 18 U.S.C. § 922(u) and § 924(*l*). Count Two charged Movant with possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) and § 924(a)(2). Finally, Count Three charged Movant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

Movant pleaded guilty to all three counts on September 29, 2009. The parties entered a Rule 11 plea agreement in which they disputed the applicability of United States Sentencing Guidelines § 2K2.1(b)(6), recommending that the Court find a guideline range of either 110-137 months or 151-188 months. Movant agreed to waive his right to appeal if his sentence did not exceed the maximum contemplated in the agreement.

On January 15, 2010, the government filed a Notice Regarding Application of 18 U.S.C. § 924(e), the Armed Career Criminal Act [18]. In the notice, the government stated that the probation department's Presentence Report had alerted it to a previously unknown item in Movant's criminal history: a conviction for resisting arrest under Michigan Compiled Laws § 750.81(d). The government

argued that this conviction, along with Movant's prior convictions for second-degree home invasion and third-degree fleeing and eluding, triggered a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act (ACCA). Due to this change in the government's sentencing arguments, the government offered to allow Movant to withdraw his guilty pleas.

The Court held a sentencing hearing on February 24, 2010. At the hearing, the government again informed the Court that it had offered to allow Movant to withdraw his pleas. Movant and his counsel confirmed that Movant had rejected this offer and agreed to proceed with sentencing on the understanding that the ACCA imposed a mandatory minimum sentence of 180 months. The Court sentenced Movant to 180 months of imprisonment on Count Three and to concurrent one-day prison terms on Counts One and Two. The government pointed out that because Movant's sentence did not exceed the maximum contemplated by the plea agreement, Movant had agreed to waive his right to appeal his conviction and sentence. The Court confirmed with Movant that he understood that he had waived his constitutional right to appeal, and further confirmed that Movant and his counsel had no objections to the sentence imposed.

On September 13, 2013, Movant filed the instant Motion to Vacate, Set Aside, or Correct Sentence [20].   The government filed a Response [30] on December 6, 2013.

### ANALYSIS

To succeed on a motion to vacate, set aside, or correct a sentence, a movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).   Movant attacks his sentence on four grounds, two of which concern the applicability of the ACCA and two of which concern the proper application of the Sentencing Guidelines.   First, Movant argues that the Court erroneously concluded that he had three predicate convictions under the ACCA, since his Michigan convictions for second-degree home invasion and for third-degree fleeing and eluding do not qualify as "violent felonies."   Second, Movant argues that the Court violated his Sixth Amendment rights by deciding that his convictions qualify as "violent felonies" under the ACCA without submitting the issue to a jury to be proven beyond a reasonable doubt.   Third, Movant argues that his criminal history score under the Sentencing Guidelines was miscalculated

because points were improperly assigned to convictions for which Movant was sentenced only to probation.  Finally, Movant argues that his base offense level under the Guidelines was miscalculated because § 2K2.1(a)(6) was erroneously applied.

The government disputes all four of Movant's arguments on the merits. Additionally, the government argues that Movant's collateral attack on his sentence is barred because it is not within the limited circumstances allowed for collateral attacks on guilty pleas; because it is untimely; and because it is procedurally defaulted (because Movant raised none of his challenges to his sentence on direct appeal).

The Court concludes that it correctly applied the ACCA to enhance Movant's sentence.  Movant's arguments concerning the Sentencing Guidelines are therefore moot; Movant received the lowest possible sentence allowed by the ACCA.  Because the Court rejects all of Movant's arguments on the merits, it need not address the government's arguments that Movant's collateral attack on his sentence is procedurally barred.

## I.    Movant's "Violent Felony" Convictions

The ACCA imposes a mandatory fifteen-year sentence on a felon-in-possession conviction if the defendant has three prior convictions for "violent

felonies" and/or "serious drug offenses." 18 U.S.C. § 924(e)(1). A conviction is

for a violent felony if it is for a "crime punishable by imprisonment for a term

exceeding one year" and meets one of three conditions. *Id.* § 924(e)(2)(B). First,

the crime is a violent felony if it "has as an element the use, attempted use, or

threatened use of physical force against the person of another." *Id.* §

924(e)(2)(B)(i). Second, the crime is a violent felony if it is one of the following

enumerated offenses: burglary, arson, extortion, or use of explosives. *Id.* §

924(e)(2)(B)(ii). Finally, under the statute's residual clause, the crime is a violent

felony if it "otherwise involves conduct that presents a serious potential risk of

physical injury to another." *Id.*

In its Notice Regarding Application of 18 U.S.C. § 924(e), the Armed

Career Criminal Act [18], the government argued that Movant had three prior

"violent felony" convictions: a conviction for second-degree home invasion under

Michigan Compiled Laws § 750.110a(3); a conviction for resisting arrest under

Michigan Compiled Laws § 750.81d(1); and a conviction for third-degree fleeing

and eluding under Michigan Compiled Laws § 750.479a(3). Movant filed no

response to the notice. At Movant's sentencing hearing, Movant and his counsel

stated that they did not contest the applicability of the ACCA. The Court

proceeded to apply the ACCA on the basis of the three "violent felony"

convictions identified by the government, sentencing Movant to the shortest prison term the ACCA permitted.  Movant now argues that the Court should not have applied the ACCA because his convictions for second-degree home invasion and third-degree fleeing and eluding are not "violent felony" convictions.

Movant argues that his conviction for second-degree home invasion is not a conviction for "burglary"—one of the ACCA's enumerated offenses—because the underlying statute sweeps more broadly than the generic definition of burglary. The relevant Michigan statute applies to a person "who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault."  MICH. COMP. LAWS § 750.110a(3).  In its ACCA notice [18], the government argued that convictions under the statute qualify as "burglary" convictions within the meaning of the ACCA's enumerated offense clause.  The Sixth Circuit has held the same. *United States v. Gibbs*, 626 F.3d 344, 352–53 & n.6 (6th Cir. 2010).

Movant disagrees on the basis that Michigan's second-degree home invasion statute sweeps more broadly than the generic definition of burglary.  In *Descamps*

*v. United States*, the Supreme Court affirmed that "a defendant can receive an ACCA enhancement for burglary only if he was convicted of a crime having 'the basic elements' of generic burglary—*i.e.,* 'unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.'"   133 S.Ct. 2276, 2283 (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 599 (1990)). Though Movant asserts that Michigan's second-degree home invasion statute sweeps more broadly than these basic elements, he does not articulate how it does so.   The statute at issue in *Descamps* differed from generic burglary statutes by failing to require breaking and entering or similar conduct.  *Id.* at 2282, 2285–86. Michigan's second-degree home invasion statute, however, requires breaking and entering or entry without permission.  MICH. COMP. LAWS § 750.110a(3).   The statute therefore conforms to the generic definition of burglary in requiring "unlawful or unprivileged entry."  *Descamps*, 133 S. Ct. at 2276.

Michigan's second-degree home invasion statute sweeps more broadly than the generic definition of burglary in at least one respect: it does not strictly require entry with intent to commit a crime.  Under the statute's third alternative set of elements, a defendant may be convicted if he enters a dwelling without intent to commit a crime, so long as he enters in a prohibited manner and *actually* commits a "felony, larceny, or assault" while entering, exiting, or remaining within the

dwelling.  MICH. COMP. LAWS § 750.110a(3).  That distinction could remove convictions under the statute from the ACCA's definition of "burglary," but that question was not addressed in *Descamps*.  Moreover, even if a second-degree home invasion conviction does not qualify as a "burglary" conviction, it may still qualify as a violent felony conviction under the ACCA's residual clause.  *See Descamps*, 133 S. Ct. at 2293 n.6 (reserving opinion on whether a California conviction that did not qualify as a "burglary" conviction nevertheless qualified as a violent felony under the residual clause); *James v. United States*, 550 U.S. 192, 212 (2007) (recognizing that the residual clause "can cover conduct that is outside the strict definition of, but nevertheless similar to, generic burglary").  Without more specific guidance on these issues, the Court concludes that it remains bound by the Sixth Circuit's holding that convictions under Michigan's second-degree home invasion statute qualify as "violent felony" convictions under the ACCA. *Gibbs*, 626 F.3d at 352–53 & n.6.

Movant raises a similar argument concerning his conviction for third-degree fleeing and eluding, again asserting that Michigan's statute defines the offense more broadly than the generic definition of the offense.  Movant appears to believe that his conviction for fleeing and eluding, like his conviction for second-degree home invasion, was deemed a "violent felony" conviction under the ACCA's

enumerated offense clause.  In reality, however, Movant's fleeing-and-eluding conviction under Michigan Compiled Laws § 750.479a falls within the ACCA's residual clause.  *See United States v. Young*, 580 F.3d 373, 376–79 (6th Cir. 2009); *cf. United States v. Ball*, 771 F.3d 964, 969 (6th Cir. 2014) ("[A]ll felonies that involve fleeing from the police in a motor vehicle qualify as violent felonies under the ACCA.").  Movant raises no argument to the contrary.

In conclusion, Movant fails to convince the Court that it erred in determining that his convictions for second-degree home invasion and third-degree fleeing and eluding qualify as "violent felonies" under the ACCA.  Movant does not challenge the Court's identical conclusion regarding his conviction for resisting arrest.  Therefore, Movant fails to disturb the Court's conclusion that he had three prior "violent felony" convictions when he pled guilty to being a felon in possession of a firearm, triggering the ACCA's mandatory minimum sentence.

## II.    Movant's Sixth Amendment Rights

In *Alleyne v. United States*, the Supreme Court held that under the Sixth Amendment, any fact that increases the mandatory minimum sentence for a conviction must be submitted to a jury and found beyond a reasonable doubt.  133 S. Ct. 2151, 2155 (2013) (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).  Relying on *Alleyne*, Movant argues that the Court violated his Sixth Amendment

rights by finding his convictions for second-degree home invasion and third-degree fleeing and eluding to be "violent felonies," triggering a mandatory minimum under the ACCA, without submitting the issue to a jury.  However, a conviction's status under the ACCA is not an issue of fact, but an issue of statutory interpretation appropriately resolved by a judge.  *James*, 550 U.S. at 213–14 (holding that Sixth Amendment issues are not implicated under *Apprendi* and its progeny when a court determines whether a conviction qualifies as a "violent felony" under the ACCA, since the court "is engaging in statutory interpretation, not judicial factfinding").  The Court did not violate Movant's Sixth Amendment rights by interpreting the ACCA without involving a jury.

## CONCLUSION

While arguing that the Court erroneously applied the Armed Career Criminal Act, Movant refers, in passing, to the Court's "draconian ways."  The Court agrees that fifteen years of incarceration is a draconian punishment for merely possessing a firearm.  By enacting the ACCA, however, Congress mandated that punishment in certain circumstances.  The Court imposed that punishment—and no more than that punishment—because it found that those circumstances were present in the instant case, as Movant and his counsel agreed. Movant now believes otherwise, but the Court remains convinced that it was bound

to apply the ACCA enhancement to Movant's felon-in-possession conviction. Movant could not have received a more lenient sentence; his collateral attack on his sentence is therefore meritless even if not procedurally barred.  Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence [20] is **DENIED**.

**SO ORDERED**.

 

 

 

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: December 19, 2014        Senior United States District Judge